**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- X
DANA WARD,                      :
                               :
          Plaintiff,            :
                               :
v.                              :
                               :
                               :   Civil No. 3:26-cv-00098 (AWT)
CITY OF MERIDEN,                :
                               :
          Defendant.            :
                               :
                               :
                               :
------------------------------- X
```

## ORDER ON MOTION TO DISMISS

For the reasons set forth below, Defendant City of Meriden's Motion to Dismiss (ECF No. 14) (the "Motion to Dismiss") is hereby GRANTED.

The plaintiff, Dana Ward, filed a Complaint against the defendant, City of Meriden, "alleg[ing] discrimination on the basis of race predicated on the amount of taxes charged to the parcel located at 47 Ridgeview Road, Meriden, Connecticut." Motion to Dismiss at 7.

The defendant argues that the plaintiff lacks standing and moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court

1

'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l., 790 F.3d 411, 416-17 (2d. Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). When deciding a motion to dismiss under Rule 12(b)(1), the court may look to "evidentiary matter . . . presented by affidavit or otherwise." Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

"The party invoking federal jurisdiction" must demonstrate the following to establish constitutional standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (cleaned up). The requirement of "injury-in-fact" "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014).

The defendant has submitted an affidavit of Donna Calicchio, Assessor for the City of Meriden. See Document 14-3. It states, inter alia:

> As part of my official duties as City Assessor, I determine the owner of properties located within the City of Meriden to be assessed;
>
> A review of the assessment files of the City of Meriden, the sole owner of the property located at 47 Ridgeview Road, Meriden, Connecticut is Milton Ward.

Id. at ¶¶ 4-5. The plaintiff has not alleged facts or presented an affidavit to the contrary.

Consequently, the court agrees with the defendant that the plaintiff cannot satisfy the first requirement with respect to standing, "injury-in-fact." "The Warranty Deed [of the parcel] shows the property was deeded to Milton Ward" and that he is "the sole record owner of the property" and the plaintiff "does not have any property interest in 47 Ridgeview Road." Motion to Dismiss at 7. Because the plaintiff has no property interest in the parcel at issue, she has not suffered an "injury-in-fact" because she has no "legally protected interest" that could be invaded. Thus she lacks standing to bring the claim in the Complaint against the defendant.

For the reasons set forth above, the Motion to Dismiss is being granted, and the Complaint is dismissed with prejudice.

The Clerk shall close this case.

It is so ordered.

Dated this 26th day of June 2026, at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge

3